IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY WAYNE PRICE, JR., aka L.J. Price,<br><br>Defendant. | CR 18–85–BLG–DLC<br>CR 18–149–BLG–DLC<br><br><br>ORDER |

Before the Court is Three Blind Mice, LLC's Motion for Order Directing Payment to First American Title and Escrow. (Doc. 144.) The Motion requests that the Court enter an order that the disbursement of the $1.7 million in sale proceeds from the sale of Lots 1, 2, and 3 of Price Subdivision and the improvements thereon "be directed by the Court to be paid pursuant to the Asset Recovery Agreement and General Release with the funds directed to First American Title and Escrow as the payee[.]" (*Id.* at 1–3.) The motion states that First American Title and Escrow will "prepare a settlement statement of amounts to be paid to all individuals in both TBM and 90M, and funds will not be disbursed until the title company has a sign off from each person." (*Id.* at 3.) This request is made pursuant to a settlement agreement, in which 90 M and Three Blind Mice, LLC agreed that "[s]ale proceeds will not be collected by either party, but will be

1

paid directly into a title company escrow account at First American Title and Escrow, Billings, MT." (Doc. 144-1 at 2.) The United States has filed an unopposed motion for distribution and credit of the court registry funds at issue, which does not address the issue pending before the Court. (Doc. 145.)

The Court will deny Three Blind Mice's motion. (Doc. 144.) The requested order and introduction of a third-party payee would place significant administrative burdens on Court staff and introduce legal complications, including tax consequences, that are wholly unnecessary. It is not clear that the settlement agreement between Three Blind Mice and 90 M applies to the distribution of court registry funds, but in any event, it is not binding on the Court, and the Court sees no reason why the parties cannot themselves submit any distributions of court registry funds they receive to the title company if they believe they are bound by the agreement to do so.

Further complicating matters, after the motion was filed, Mr. Robert Schlidt submitted a Victim Address Change Form requesting a change of address for himself, Three Blind Mice, and 90M to an address in Casper, Wyoming. This form is intended to change a victim's address so that "all future restitution payments will be sent to the new address." It is unclear what impact, if any, this form was intended to have on Three Blind Mice's pending motion. Regardless, to the extent the form was intended to change the address for restitution for the

members of Three Blind Mice other than Mr. Schlidt, it is defective. As this Court has repeatedly made clear, "restitution was ordered not to the entity of Three Blind Mice, but to the three individuals who comprise it." (Doc. 133 at 2.) Moreover, the form was not accompanied by the required documentation to demonstrate Mr. Schlidt's authorization to change the addresses for victims other than himself. To the extent Mr. Schlidt wishes to change the restitution address for any victim other than himself, the form must be corrected and resubmitted on or before January 18, 2022.

Accordingly, IT IS ORDERED that the Motion for Order Directing Payment to First American Title and Escrow (Doc. 144) is DENIED.

IT IS FURTHER ORDERED that any victim or authorized representative of a victim wishing to file a Victim Address Change Form before the Court rules on the United States' motion for distribution (Doc. 145) shall do so on or before January 18, 2022.

DATED this 4th day of January, 2022.

_____
Dana L. Christensen, District Judge
United States District Court